# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREEM HASSAN MILHOUSE,** | : | **CIVIL NO. 1:09-CV-01953** |
| **Plaintiff** | : | **(Judge Rambo)** |
| v. | : | |
| **B.A. BLEDSOE,** *et al.*, | : | |
| **Defendants** | : | |

## M E M O R A N D U M

Before the court is a motion filed by Plaintiff Kareem Hassan Milhouse, an inmate incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), seeking a preliminary injunction, claiming that he has been denied writing paper, envelopes, and stamps. (Doc. 107.) He also claims that his access to the law library has been limited. (*Id.*) Plaintiff seeks an order requiring Defendants to immediately provide him with these items and further access to the law library. For the reasons set forth below, the motion will be denied.

## I. Background

In his motion, Plaintiff alleges that since June 2011, as a result of a policy put in place by a Counselor Edinger, staff on USP-Lewisburg's D-Block, Plaintiff's housing unit, have been providing him with limited quantities of writing paper, envelopes, and

stamps.[1] (Doc. 107 at 1-2.) He also alleges that Counselor Edinger "rarely" makes rounds. (*Id*. at 2.) As a result, Plaintiff seeks one tablet of writing paper per week, ten legal and regular envelopes per week, five stamps per month, five hours of law library time per week, and separation from Counselor Edinger while this action is pending. (*Id*. at 2-3.)

In response to the instant motion, Defendants provide the following background with respect to the above-stated items and access to the law library. USP-Lewisburg provides inmates with law library access through an "Electronic Law Library" ("ELL"). (Doc. 110 at 3.) The ELL system has been installed and is being used by both general population inmates and those housed in segregated housing units. (*Id*.) All the segregated units are equipped with ELL access. (*Id*.) Inmates are instructed to submit a request for access to the ELL to the block officer. (*Id*.) Through such requests inmates gain access to the ELL in two hour blocks of time. (*Id*.) In the event that an inmate needs material that is not on the ELL system, or needs copies of legal

---

[1] Plaintiff also claims that he has been denied batteries. (Doc. 107 at 2.) In their response to the instant motion, Defendants contend that any issue with respect to free batteries does not implicate a constitutional right. (Doc. 110 at 1.) In his reply, Plaintiff argues that the First Amendment is implicated because the batteries are for his radio. (Doc. 114 at 3.) As the court agrees with Defendants that no constitutional right is implicated with respect to free batteries for Plaintiff, the court will not address Plaintiff's request for a free pack of batteries every month.

documents or forms, he may contact the Education Department, which is responsible for handling those requests. (*Id.*)

A review of Plaintiff's most recent law library access reveals that he used the D-Block ELL on the following dates: July 6, 2011, June 19, 2011, May 31, 2011, and April 20, 2011. (*Id.* at 3.) Further, Plaintiff was provided as follows with legal information and copies:

| | |
|---|---|
| July 6, 2011: | legal copies (27 pages) |
| June 1, 2011: | information request fulfilled |
| May 25, 2011: | 2 addresses and legal copies (9 pages) |
| May 4, 2011: | 4 information requests fulfilled |
| April 27, 2011: | legal copies (5 pages) |
| Feb. 23, 2011: | legal copies (79 pages) |
| Feb. 16, 2011: | legal copies (35 pages) |
| Feb. 9, 2011: | legal copies (24 pages) |
| Feb. 2, 2011: | legal copies (19 pages) |
| Jan. 19, 2011: | one form provided |

(*Id.* at 4.)

Defendants also provide a record of the issuance of stamps to Plaintiff. Counselor Edinger is responsible for issuing stamps to indigent inmates at the housing unit to which he is assigned, in this case D-Block. (*Id.*) A logbook contains a record of the date and number of stamps issued to inmates housed there. (*Id.*) Counselor Edinger provided stamps to Plaintiff as follows:[2]

---

[2] Plaintiff has been housed on D-Block since November 14, 2010. (Doc. 110 at 4.)

3

| <u>Date</u> | <u>No. of Stamps Provided to Plaintiff</u> |
|---|---|
| June 29, 2011 | 2 |
| June 27, 2011 | 9 |
| June 23, 2011 | 3 |
| June 21, 2011 | 10 |
| June 19, 2011 | 15 |
| June 14, 2011 | 4 |
| June 12, 2011 | 12 |
| June 1, 2011 | 2 |
| | |
| May 26, 2011 | 2 |
| May 25, 2011 | 5 |
| May 24, 2011 | 1 |
| May 23, 2011 | 8 |
| May 19, 2011 | 5 |
| May 15, 2011 | 11 |
| May 3, 2011 | 18 |
| | |
| April 25, 2011 | 3 |
| April 20, 2011 | 8 |
| April 18, 2011 | 6 |
| April 11, 2011 | 11 |
| April 5, 2011 | 3 |
| | |
| March 30, 2011 | 6 |
| March 23, 2011 | 5 |
| March 6, 2011 | 5 |
| March 1, 2011 | 5 |
| | |
| February 24, 2011 | 20 |
| February 21, 2011 | 10 |
| February 14, 2011 | 31 |
| February 13, 2011 | 5 |
| February 10, 2011 | 16 |
| February 9, 2011 | 2 |

| | |
|---|---|
| February 7, 2011 | 7 |
| | |
| January 26, 2011 | 9 |
| January 23, 2011 | 2 |
| January 19, 2011 | 3 |
| January 11, 2011 | 8 |
| January 9, 2011 | 7 |
| January 4, 2011 | 5 |
| | |
| December 29, 2010 | 3 |
| December 27, 2010 | 4 |
| December 21, 2010 | 2 |
| December 19, 2010 | 2 |
| December 15, 2010 | 1 |
| December 14, 2010 | 3 |
| December 12, 2010 | 6 |
| December 8, 2010 | 2 |
| December 6, 2010 | 3 |
| December 5, 2010 | 5 |
| | |
| November 24, 2010 | 2 |

(*Id*. at 4-6.)  In an affidavit attached to Defendants' response to the instant motion, Counselor Edinger asserts that it is his normal procedure to provide inmates with "approximately 20 pages of paper and several envelopes per request." (*Id*. at 6; Doc. 110, Ex. 1.)  He concedes that he does not give inmates "unlimited" amounts of paper and envelopes, but states that if Plaintiff requires more of these items for his legal work, he will provide Plaintiff with more, in reasonable amounts as requested.  (*Id*. at 6; Doc. 110, Ex. 1.)

Plaintiff filed his motion for a preliminary injunction on June 29, 2011. (Doc. 107.)  Defendants filed a brief in opposition on July 13, 2011. (Doc. 110.)  After receiving an extension of time in which to file a reply, (*see* Doc. 113), Plaintiff filed a reply on August 18, 2011, (Doc. 114).  Thus, this motion is ripe for disposition.

## II.   Discussion

Preliminary injunctive relief is extraordinary in nature and should issue in only limited circumstances.  *See American Tel. and Tel. Co. V. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1426-27 (3d Cir. 1994), *cert. denied*, 514 U.S. 1103.  Moreover, issuance of such relief is at the discretion of the trial judge.  *Orson, Inc. v. Miramax Film, Corp.*, 836 F. Supp. 309, 311 (E.D. Pa. 1993).  In determining whether to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit consider the following four factors: (1) likelihood of success on the merits; (2) irreparable harm resulting from a denial of relief; (3) the harm to the non-moving party if relief is granted; and (4) the public interest.  *United States v. Bell*, 238 F. Supp. 2d 696, 699 (M.D. Pa. 2003) (internal citations omitted).  It is the moving party who bears the burden of satisfying these factors.  *Id*.

Perhaps the most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted, the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered. *See Continental Group, Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 356 (3d Cir. 1980). Irreparable injury is "potential harm which cannot be redressed by a legal or equitable remedy following a trial." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm." *Id*. The relevant inquiry is whether the party moving for the injunctive relief is in danger of suffering irreparable harm at the time the preliminary injunctive relief is to be issued. *Id*. Speculative injury does not constitute a showing of irreparable harm. *Continental*, 614 F.2d at 359; *see also Public Serv. Co. v. West Newbury*, 835 F.2d 380, 383 (1st Cir. 1987). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Instant Air Freight*, 882 F.2d at 801 (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1964)). "[A] failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily

result in the denial of a preliminary injunction." *In Re Arthur Treacher's Franchise Litigation*, 689 F.2d 1137, 1143 (3d Cir. 1982).

Further, The United States Supreme Court has held that "the fundamental constitutional right of access to the courts requires prison officials to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, "[t]he constitution does not require unlimited prison law library access, only objectively meaningful access." *Veteto v. Miller*, 829 F. Supp. 1486, 1499 (M.D. Pa. 1992) (citing *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991)). In order to state a claim for denial of this right, an inmate must plead that he has suffered an "actual injury" arising from the challenged conduct of prison officials. *Lewis v. Casey*, 518 U.S. 343, 349-50 (1996).

In considering the factors outlined above, it is clear that injunctive relief is not warranted in this case. Plaintiff is not alleging that he has been denied access to the law library or legal materials; rather, he is complaining that his access is limited. It is Plaintiff's subjective belief that he is entitled to more frequent and longer visits to the law library, as well as more stamps and paper and envelopes. However, the record in

this case, as well as Plaintiff's other case pending before the court,[3] clearly shows that the access prison officials have provided has been sufficient for Plaintiff's needs and has played no role in an injury of constitutional proportions.  Thus, the court declines to fault prison officials for not providing further access to the library, as well as more stamps, paper, and envelopes.[4]  Accordingly, Plaintiff has failed to meet the first prong necessary for injunctive relief and has not demonstrated the likelihood of success on the merits or irreparable injury.  Thus, the motion will be denied.  An appropriate order will issue.

                                                s/Sylvia H. Rambo  
                                                United States District Judge

Dated:  November 14, 2011.

---

[3] *See Milhouse v. Gee, et al.*, Civ. No. 1:09-CV-02134 (M.D. Pa.). Since filing the instant motion, Plaintiff has submitted approximately forty-one (41) legal filings in this case as well as the instant case, collectively.

[4] Plaintiff's request for a separation from Counselor Edinger is denied.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KAREEM HASSAN MILHOUSE,** | CIVIL NO. 1:09-CV-01953 |
| Plaintiff | (Judge Rambo) |
| v. | |
| **B.A. BLEDSOE,** *et al.*, | |
| Defendants | |

## O R D E R

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion for a preliminary injunction (Doc. 107) is **DENIED**.

                                                s/Sylvia H. Rambo
                                             United States District Judge

Dated: November 14, 2011.